

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

WMN:GMP
F.#2010R000359

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

March 18, 2011

**By Hand Delivery and ECF**

The Honorable I. Leo Glasser
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Miguel Angel Vargas-Cordon
           Criminal Docket No. 10-137 (S-1)(ILG)

Dear Judge Glasser:

      The United States respectfully submits this letter in connection with the trial in the above-referenced matter, which is scheduled to begin on March 21, 2011.  In the defendant's March 17, 2011 *in limine* motion, the defendant raised the legal issue of whether the victim in this case, referred to hereinafter as "Jane Doe," had permission to remain, and therefore was legally, in the United States at the time of the offenses alleged in the above-referenced matter.  See Defendant's Response at 2-3.  The government hereby moves *in limine* to preclude the defendant from raising this purely legal issue before the jury, and submits that the defendant's position, as a matter of law, is incorrect.

      First, the question of whether Ms. Doe was legally in the United States because Immigration and Customs Enforcement allowed her to reside in a foster home while immigration proceedings were pending against her is a purely legal issue that should not be raised before the jury.  Raising this issue before the jury will do nothing more than confuse the jury and waste the Court's time.  It will also create a trial within a trial as to whether an illegal alien remaining in the United States while her proceedings are pending is actually an illegal alien.

      Second, the defendant's position with regard to this issue, for which he cites no authority, is wrong.  While there is a paucity of case law in the Second Circuit concerning the issue of whether an illegal alien who is permitted to remain in the United States while immigration proceedings are pending against her is legally within the United States, the issue has been

addressed by courts in the Fifth, Eighth and Tenth Circuits. In each of those cases, the courts considered – and rejected – the position that the defendant urges here. Namely, each of the courts found that an illegal alien who is permitted to stay in the United States while he either (a) has immigration proceedings pending against him, or (b) has an application pending for status is still considered an illegal alien under the law. See, e.g., United States v. Ochoa-Colchado, 521 F.3d 1292, 1296 (10th Cir. 2008) (finding that filing of application for adjustment of status by illegal alien did not make an illegal alien lawfully in the United States); United States v. Cammock, 29 F.3d 623, 1994 WL 395102, *2 (5th Cir. 1994) ("Once [the defendant's] visa expired, he became illegal. Neither his pending deportation proceeding nor his bond to the INS changed this status."); United States v. Bazargan, 992 F.2d 844, 848-49 (8th Cir. 1993) (finding that illegal alien was still considered an illegal alien although he had been granted employment authorization while asylum application was pending).

For the foregoing reasons, the government respectfully requests that the Court preclude the defendant from raising the purely legal question regarding the legality of Ms. Doe's presence in the United States before the jury, and reject the defendant's argument that Ms. Doe's presence while deportation proceedings were pending against her made her legally within the United States.

    Respectfully submitted,

    LORETTA E. LYNCH
    United States Attorney

By:   /s/
    Gina M. Parlovecchio
    Soumya Dayananda
    Assistant U.S. Attorneys
    (718) 254-6228

cc: Thomas Nooter, Esq. (by ECF)